UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

KMS INTERESTS, INC.

       Plaintiff,

v.                                                        **COMPLAINT**

STARR SURPLUS LINES INSURANCE           **JURY TRIAL REQUESTED**
COMPANY

       Defendant.

---------------------------------------------------------X

       Plaintiff, KMS Interests, Inc., by its attorneys The Potts Law Firm, LLP, as and for its Complaints against Defendant Starr Surplus Insurance Company ("Starr Surplus"), alleges, upon information and belief, as follows:

## NATURE OF ACTION

       1.     This is an action against Defendant Starr Surplus for wrongful breach and repudiation of its Contractual Obligation to Plaintiff KMS Interests, which obligations arise from an Insurance Policy issued to Plaintiff by Defendant.

       2.     The Starr Surplus Policy provided insurance coverage for damage to KMS Interest's Commercial Property located at 5619 Dyer St., Dallas, Texas 75206 (the "Property"). The Policy covered the Property for damage caused by wind and hail.

       3.     Plaintiff has commenced this action against Defendant, Starr Surplus, for Breach of its Contractual Obligation in connection with the Policy and for tort violations of the Texas Insurance Code.

       4.     The Property was damaged by a wind and hail storm on March 24, 2019 (the "Storm").

5. As a result of the Storm, Plaintiff filed an insurance claim with Defendant, Starr Surplus, in connection with the damage suffered.

6. Defendant assigned Claim Number STP 16569 to Plaintiff's Claim.

7. To date, Plaintiff has suffered a loss of Two Hundred Twenty-Four Thousand Eight Hundred and Six Dollars and Eighteen Cents ($224,806.18).

8. Defendant has failed and refused to pay any monies in connection with the Claim.

## PARTIES

9. Plaintiff is a corporation organized under the laws of the State of Texas, having its principal place of business at 5622 Dyer St., Suite 200, Dallas, Texas 75206-5072.

10. Upon information and belief, Defendant, Starr Surplus, is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 399 Park Avenue, 8th Floor, New York, New York 10022. It can be served through its registered agent, CT Corporation System, 1999 Bryan St Ste 900, Dallas, TX 75201-4284.

## JURISDICTION AND VENUE

11. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There exists complete diversity amongst the parties. An actual controversy exists which arises from damage to Plaintiff's real property in Dallas, Texas. The matter in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper pursuant to the Policy, Property Coverage Form General Conditions, Paragraph 12(e) "Choice of Law and Choice of Venue" which provides in relevant part, "Any suit, action, or proceeding against the COMPANY must be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York."

## THE POLICY AND CHOICE OF LAW

13. Pursuant to the Policy, New York law governs the breach of contract claims asserted herein. However, the tort claims for violations of the Texas Insurance Code are governed exclusively by Texas law and are not governed by the plain language of the Policy

## FACTUAL STATEMENT

14. Plaintiff and Defendant entered into an insurance contract identified as Policy No. SLSTPTY11116218 (the "Policy"), to insure the commercial property located at 5619 Dyer St., Dallas, Texas 75206.

15. On or about March 24, 2019, the covered property was damaged by a catastrophic hail/wind storm. Plaintiff reported a claim to Defendant on March 25, 2020, after noticing interior water damage. Defendant assigned the claim to McLarens for adjustment under Claim No. STP 16569.

16. McLarens hired Madsen Kneppers & Associates, Inc. to perform an investigation of the loss. Andrew Singletary, a roofer, issued a report on May 22, 2020 concluding that "no mineral displacement from the modified bitumen membrane occurred as a result of hail impact in the recent past." Mr. Singletary draws this conclusion despite the evidence of hail impacts to the RTU units and to the metal components in the form of spatter. Though Mr. Singletary measures the impact marks incorrectly, the marks are consistent in size with the reported hail damage on March 24, 2019.

17. Mr. Singletary dismisses the report of Plaintiff's roofer showing obvious hail damage, by attempting to ascribe those damages as a form of "crazing." However, crazing does not occur in the circular patterns that appear on Plaintiff's roof.

18. On May 29, 2020, Alan Ruscher of McLarens, sent a letter to KMS denying the claim for the roofing system. The letter sent by Ruscher contains numerous misrepresentations of material facts and policy conditions, specifically including the statement, "indentations that MKA observed in the exposed RTU coil fins are consistent with hail impacts but are older in appearance and not from a recent storm event." MKA never determined the age of the impacts, nor did it display any methodology for doing so. Its conclusory statement is all that McLarens used to deny payment to KMS.

19. The plain language of the Madsen Kneppers report relied upon by Defendant to deny the claim for hail damage to the roofing system shows that the roofer determined that there existed hail damage to the roofing systems and RTUs.

20. On February 19, 2021, counsel for KMS served Defendant and McLarens with a Texas Insurance Code compliant demand letter via certified mail. KMS was also provided with a copy of the letter.

21. Defendant has consistently refused to make meaningful attempts to investigate and resolve KMS's claim and have actively attempted to mischaracterize and wrongfully manipulate evidence to misrepresent the value of the claim and coverage under the Policy, in violation of the Texas Insurance Code by:

   a. Misrepresenting coverage issues underlying the policy;
   b. Misrepresentation of the scope and value of damage items;
   c. Attempting to settle the claim without performing a full and adequate investigation of the loss;
   d. Refusing to acknowledge reports showing hail damage;
   e. Wrongfully denying the claim;
   f. Colluding with its adjusters and engineers to misstate the value and devalue the damages;
   g. Unreasonably delaying settlement offers despite the insurer's liability becoming reasonably clear;

h. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

i. Misrepresenting that an investigation had been completed when it had not been completed;

j. Relying on knowingly biased and interested third-parties for weather data and engineering reports;

k. Making untrue statements of material fact about the scope and value of the damages;

l. Failing within a reasonable time to affirm or deny coverage of a claim;

m. Failing within a reasonable time to request inspections, proofs of loss, or any other items the insurer believed necessary to evaluate the claim;

n. Failing to adopt and implement reasonable standards for the prompt investigation of claims under the policy;

o. Compelling Plaintiff to institute a lawsuit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered; and

p. Failing to timely pay claims.

22. KMS has provided to Defendant all information necessary to pay the claim. All prerequisites under the Policy have been met.

23. Defendant continues to refuse to pay the amounts owed under the Policy in violation of its statutory obligations.

**FIRST CAUSE OF ACTION- DECLARATORY JUDGMENT**

24. Plaintiff repeats and realleges each and every allegation contained in each preceding paragraph as if fully set forth at length herein.

25. The foregoing demonstrates that KMS's loss and liabilities sustained were covered by Defendant's Insurance Policy.

26. Plaintiff seeks a declaration that Defendant is obligated, pursuant to the terms of the Policy, and under the law of State of New York to provide insurance benefits for Plaintiff's losses and liabilities as set forth.

## SECOND CAUSE OF ACTION - BREACH OF CONTRACT

27. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth at length herein.

28. Defendant has failed and refused to provide insurance benefits in response to Plaintiff's demand for the same under the policy.

29. Plaintiff and Defendant entered into an insurance contract known as the "Policy". Plaintiff complied with all provisions of the Policy.

30. Defendant breached a material provision of the Policy by refusing to pay amounts owed under the insurance contract after a loss.

31. Plaintiff was damaged by Defendant's breach.

## THIRD CAUSE OF ACTION -VIOLATIONS OF THE TEXAS INSURANCE CODE

32. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth at length herein.

33. KMS brings its claims for violations of the Texas Insurance Code pursuant to Chapter 541.

34. Defendants failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the claims when liability was reasonably clear in violation of Texas Insurance Code Section 541.060(a).

35. Specifically, Defendants:

   a. Misrepresented to KMS material facts and policy provision related to coverage at issue, including but not limited to:
       i. Misrepresenting the cause of damage;
       ii. Misrepresenting that damage was excluded under the Policy when it was not;
       iii. Misrepresenting the nature of the damage;

  iv. Misrepresenting the definition of terms under the Policy;
  v. Misrepresenting the scope and value of the damage;
  vi. Misrepresenting the insurer's obligation to investigate the claim;
  vii. Misrepresenting the insurer's obligation to pay the claim;
  viii. Misrepresenting the time frame in which the insurer was required to act under Texas Insurance Code chapter 542;
  ix. Misrepresenting the information and forms required to be provided by the insured and the timelines in which that information was to be requested by the insurer; and,
  x. Misrepresenting coverage under the policy during both the underwriting and claims processes.

b. Performing unfair methods of competition and unfair and deceptive acts or practices, including but not limited to:
  i. Making untrue statements of material fact, including statements about the amount of damage and coverage for damage;
  ii. Failing to state material facts necessary to make other statements made not misleading, considering the circumstances under which the statements were made;
  iii. Making statements in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;
  iv. Making a material misstatement of law; and
  v. Failing to disclose a matter required by law to be disclosed.

c. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

d. Failing to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the claim;

e. Failing within the deadlines required under Texas Insurance Code chapter 542 to affirm coverage of the claim; and

f. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

36. These Unfair Settlement Practices caused direct damages to KMS which would not have been incurred absent Defendant's delays and misrepresentations. KMS is entitled to treble damages, court costs, and its attorney's fees pursuant to Texas Insurance Code 541.152.

37. Further, Defendant committed unfair settlement practices and claims delays in violation of Texas Insurance Code chapter 542 by:

   a. Failing to, within 15 days (or 30 days for a surplus-lines insurer), request from KMS all items, statements, and forms that the insurer reasonably believes would be required, including information regarding other potential dates of loss and a sworn proof of loss (542.055);

   b. Failing to, accept or reject the claim within 15 business days within receipt of all requested information, statements, or forms timely requested (542.056);

   c. Failing to pay amounts due within 5 business days (20 business days for a surplus-lines insurer) of receipt of the information necessary to pay the claim (542.057); and

   d. Failing to pay the claim in whole within 75 days (90 days for a surplus-lines insurer) after notice of the claim (542.058).

38. Under Texas Insurance Code 542.060, Plaintiff is entitled to a 10% per annum penalty on the entirety of the amounts due under the Policy, starting at the earliest violation of chapter 542 and running until the date that the damage amount is paid, as well as its attorney's fees and court costs.

## FOURTH CAUSE OF ACTION -ATTORNEY'S FEES

39. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth at length herein.

40. As a result of Defendant's failure to pay the amounts due and owing under the policy, KMS retained the undersigned counsel. KMS agreed to pay the undersigned counsel a reasonable fee. KMS is entitled to recover reasonable and necessary attorney's fees incurred in the

prosecution of this action pursuant to N.Y. General Obligations Law §5-327 and Texas Insurance Code sections 541.152 and 542.060.

41. The failure and refusal of Defendant to honor its obligations under the Insurance Policy is without a reasonable basis in law or fact.

42. The Insurance Policy contains an implied covenant that imposes on Defendant's obligation to act in good faith and deal fairly with Plaintiff in all matters material to Defendants' insurance agreement.

43. As a result of the wrongful conduct described above, Defendant has breached its contractual covenant and duty of good faith and fair dealing.

44. As a result of the foregoing, Defendant has breached the Insurance Policy and Plaintiff has been damaged.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(1) On the First cause of action, declaring that Defendant, pursuant to the terms of the Insurance Policy, is obligated to provide insurance benefits;

(2) On the second cause of action, monetary damages in an amount exceeding the minimum jurisdiction of this Court and to be determined at trial, plus interest;

(3) On the third cause of action, reasonable Attorney's fees;

(4) Post-judgment interest and costs;

(5) Treble damages, and exemplary damages as allowed by law;

(6) 10% penalties and interest as allowed by law; and

(7) Granting such other and further relief, including interest, reasonable attorneys' fees, costs and disbursements, as the Court deems just and proper.

Dated: New York, New York

March 15, 2021

        POTTS LAW FIRM, LLP

        */s/ Derek H. Potts*
        Derek H. Potts, Esq.
        Attorneys for Plaintiff
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        713-963-8881
        dpotts@potts-law.com