UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KMS INTERESTS, INC.,

                    Plaintiff,

        -v.-

STARR SURPLUS LINES INSURANCE
COMPANY,

                    Defendant.

21 Civ. 2357 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

Plaintiff KMS Interests, Inc., commenced this action against Starr Surplus Lines Insurance Company, asserting claims of breach of contract and violations of the Texas Insurance Code. Now before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction. For the reasons that follow, the Court grants Defendant's motion.

## BACKGROUND[1]

Plaintiff commenced this suit on March 17, 2021, with the filing of a Complaint that asserted claims for breach of contract and violations of the Texas Insurance Code. (Dkt. #1 ("Compl.")). In the Complaint, Plaintiff alleged that it is a Texas corporation that has its principal place of business in Texas. (*Id.* at ¶ 9). Plaintiff further alleged that, "[u]pon information and belief, Defendant … is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 399 Park Avenue, 8th

---

[1] For ease of reference, the Court refers to Defendant's memorandum of law in support of its motion to dismiss at "Def. Br." (Dkt. #27); Plaintiff's memorandum of law in opposition to Defendant's motion to dismiss as "Pl. Opp." (Dkt. #28); and Defendant's reply memorandum as "Def. Reply" (Dkt. #29).

Floor, New York, New York 10022." (*Id.* at ¶ 10). Based on these allegations, Plaintiff asserted that this Court had subject matter jurisdiction over its claims under the federal diversity jurisdiction statute, 28 U.S.C. § 1332(a)(1). (*Id.* at ¶ 11).

On May 6, 2021, Defendant filed its Answer. (Dkt. #8). In its Answer, Defendant denied the allegation that it is an Illinois corporation, stating that "Defendant is a corporation organized under the laws of the state of Texas as of January 1, 2018." (*Id.* at ¶ 10). Thereafter, on June 22, 2021, Defendant filed a pre-motion letter regarding its contemplated motion to dismiss for lack of subject matter jurisdiction (Dkt. #16), along with a copy of a certified Certificate of Authority issued by the Texas Department of Insurance ("TDI") (*id.*, Ex. C), and copies of two email exchanges in which Defendant alerted Plaintiff to the purported lack of diversity jurisdiction and asked Plaintiff to prepare a stipulation of dismissal, which Plaintiff refused to do (*id.*, Ex. A, B).

On June 23, 2021, Plaintiff filed a response to Defendant's letter that included several court filings submitted in other cases by Defendant since January 1, 2018, the date on which Defendant claims it became a Texas corporation. (*See* Dkt. #17, Ex. 1-4). Among the court filings included in Plaintiff's letter were (i) a March 2018 filing in the Eastern District of Louisiana, in which Defendant claims to be "organized under the laws of Illinois" (*id.*, Ex. 1 at ¶ 2); (ii) a February 2019 filing in the Middle District of Florida, in which Defendant claims to be "incorporated in Illinois" (*id.*, Ex. 2 at ¶ 2); (iii) an October 2020 filing in the Eastern District of Louisiana, in which Defendant

claims to be "an Illinois corporation" (*id.*, Ex. 3 at ¶ 17); and (iv) a November 2020 filing in Jefferson County, Texas, in which Defendant claims it "is an Illinois Corporation" (*id.*, Ex. 4 at ¶ 4).

Also on June 23, 2021, Defendant filed several supplemental exhibits to its pre-motion letter. (Dkt. #18). These exhibits included a third email exchange between counsel (*see id.*, Ex. A), along with copies of the documents Defendant had provided to Plaintiff to establish Defendant's Texas citizenship, namely: (i) Defendant's articles of incorporation; (ii) Defendant's certificate of authority, identifying it as a domestic insurer domiciled in Texas; (iii) the TDI's approval of Defendant's redomestication as a Texas entity; and (iv) the original certificate of authority issued to Defendant upon approval of its redomestication (*id.*, Ex. B).

The Court held a pre-motion conference on June 24, 2021. (*See* Minute Entry for June 24, 2021). At the conclusion of the conference, the Court directed the parties to discuss the jurisdictional issue raised in Defendant's letter, tolling, and potential claim resolution, and to submit a joint letter with proposed next steps. (*Id.*). The parties submitted a joint status letter on July 23, 2021, notifying the Court that they were unable to reach agreement on any of the three issues discussed at the pre-motion conference and requesting a briefing schedule for Defendant's motion to dismiss. (Dkt. #22).

The Court set a briefing schedule for Defendant's motion on July 26, 2021. (Dkt. #23). Defendant filed its motion to dismiss and accompanying memorandum of law and exhibits on August 25, 2021. (Dkt. #26-27). Plaintiff

submitted its opposition brief and accompanying exhibits on September 24, 2021. (Dkt. #28). Defendant submitted its reply brief on October 9, 2021. (Dkt. #29). Accordingly, the motion is fully briefed and ripe for the Court's decision.

## DISCUSSION

### A. Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction "is a threshold issue that must be addressed prior to the merits." *Bates* v. *Offit Kurman Att'ys at L. LLP*, No. 19 Civ. 2814 (KPF), 2019 WL 7067092, at *2 (S.D.N.Y. Dec. 23, 2019). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Lugones* v. *Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 237 (S.D.N.Y. 2020). Federal courts have original jurisdiction over civil actions in which the parties have diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). This is known as diversity jurisdiction, as contrasted with jurisdiction based on the existence of a federal question. *See* 28 U.S.C. § 1331. Diversity jurisdiction requires complete diversity between the parties, meaning that no plaintiff has the same citizenship as any defendant. *Exxon Mobil Corp.* v. *Allapattah Servs., Inc.*, 545

U.S. 546, 553 (2005).  For purposes of diversity jurisdiction, "the relevant date in determining a party's domicile is the date on which the complaint was filed." *Vasquez* v. *Vill. of Haverstraw,* No. 15 Civ. 8845 (KMK), 2017 WL 4296791, at *6 n.3 (S.D.N.Y. Sept. 26, 2017) (quoting *Bogan* v. *Northwestern Mut. Life Ins. Co.,* 103 F. Supp. 2d 698, 700 (S.D.N.Y. 2000)).

The Second Circuit has explained that "[a] Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Katz* v. *Donna Karan Co., L.L.C.,* 872 F.3d 114, 119 (2d Cir. 2017) (quoting *Carter* v. *HealthPort Tech., LLC,* 822 F.3d 47, 56 (2d Cir. 2016).  A facial Rule 12(b)(1) motion is one "based solely on the allegations of the complaint or the complaint and exhibits attached to it."  *Carter,* 822 F.3d at 56.  A plaintiff opposing such a motion bears "no evidentiary burden."  *Id.*  Instead, to resolve a facial Rule 12(b)(1) motion, a district court must "determine whether [the complaint and its exhibits] allege[ ] facts that" establish subject matter jurisdiction.  *Id.* (quoting *Amidax Trading Grp.* v. *S.W.I.F.T. SCRL,* 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)).  And to make that determination, a court must accept the complaint's allegations as true "and draw[ ] all reasonable inferences in favor of the plaintiff."  *Id.* at 57 (internal quotation marks and citation omitted).

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the complaint and its exhibits." *Carter,* 822 F.3d at 57; *see also MMA Consultants 1, Inc.* v. *Republic of Peru,* 719 F. App'x 47, 49 (2d Cir. 2017) (summary order) (defining fact-based Rule

5

12(b)(1) motion as one where "the defendant puts forward evidence to challenge the factual contentions underlying the plaintiff's assertion of subject-matter jurisdiction").  "In opposition to such a motion, [a plaintiff] must come forward with evidence of their own to controvert that presented by the defendant, or may instead rely on the allegations in the[ir p]leading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing."  *Katz*, 872 F.3d at 119 (internal citations and quotations omitted).  If a defendant supports its fact-based Rule 12(b)(1) motion with "material and controverted" "extrinsic evidence," a "district court will need to make findings of fact in aid of its decision as to subject matter jurisdiction."  *Carter*, 822 F.3d at 57.

**B.   Analysis**

Plaintiff argues that the Court has subject matter jurisdiction over the claims raised in the Complaint under the federal diversity jurisdiction statute. 28 U.S.C. § 1332.  As noted, this statute requires "complete diversity," meaning all plaintiffs must be citizens of states diverse from those of all defendants. *Exxon Mobil Corp.*, 545 U.S. at 553.  As relevant here, a corporation is a resident of every state by which it has been incorporated, and of any state where it has its principal place of business.  28 U.S.C. § 1332(c); *see also Sty-Lite Co.* v. *Eminent Sportswear Inc.*, 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000) ("[I]f either the corporation's place of incorporation or principal place of business destroys diversity, then the courts will not have diversity jurisdiction.").

The Complaint alleges that Plaintiff is incorporated in Texas and has its principal place of business in Texas, and that Defendant is incorporated in Illinois and has its principal place of business in New York. (Compl. ¶¶ 9-10). Defendant has provided the Court with information that is extrinsic to the Complaint concerning its citizenship — namely, documentation that Defendant is incorporated in Texas and has its principal place of business in New York. (*See* Dkt. #26, Ex. A, B). In so doing, Defendant has mounted a fact-based Rule 12(b)(1) challenge to subject matter jurisdiction, such that the Court may consider evidence beyond the pleadings. Specifically, Defendant has provided (i) a certified copy of its Amended and Restated Articles of Incorporation (*id.*, Ex. A) and (ii) a certified copy of the certificate of authority issued by the TDI (*id.*, Ex. B). This evidence establishes that complete diversity does not and cannot exist, because Defendant is a citizen of the same state as Plaintiff.

In opposing Defendant's fact-based motion, Plaintiff argues that (i) Defendant has repeatedly represented itself to be an Illinois citizen, not a Texas citizen; (ii) Defendant never registered as a corporation with the Texas Secretary of State; and (iii) Defendant's Policy, issued after January 1, 2018, states that it is not a licensed insurance carrier in Texas. (Pl. Opp. 5-8). As explained below, the Court finds that Plaintiff has failed to meet its burden of controverting Defendant's evidence that it is a Texas corporation.

*First*, Plaintiff argues that Defendant's fact-based jurisdictional challenge must fail because Defendant has previously held itself out as being an Illinois or a Delaware citizen, not a Texas citizen. (Pl. Opp. 5-6). Specifically, Plaintiff

7

points to pleadings submitted in other cases in which Defendant claims to be an Illinois or Delaware corporation. (*Id.* at 6). These pleadings pre- and post-date the instant litigation, and are dated March 21, 2018; February 1, 2019; June 11, 2020; October 23, 2020; November 4, 2020; and August 20, 2021. (*Id.* at 6; *see also id.*, Ex. B-G). The Court understands Plaintiff to be arguing that Defendant should be estopped from claiming Texas citizenship in the instant litigation as a result of its representations in the prior pleadings. However, estoppel arguments of this type have been specifically rejected by the Second Circuit and the Supreme Court:

> At the outset, we note that "principles of estoppel do not apply" to questions of subject matter jurisdiction. *Insurance Corp. of Ireland* v. *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 72 L.Ed.2d 492 (1982). The defendant's assertions about its corporate citizenship in unrelated cases therefore could not preclude either the defendant from arguing, or the district court from concluding, that diversity jurisdiction was absent in this case. *See Wight* v. *BankAmerica Corp.*, 219 F.3d 79, 90 (2d Cir. 2000) ("[I]rrespective of how the parties conduct their case, the courts have an independent obligation to ensure that federal jurisdiction is not extended beyond its proper limits."); *see also In re Southwestern Bell Tel. Co.*, 535 F.2d 859, 861 (5th Cir.) ("Judicial estoppel ... cannot conclusively establish jurisdictional facts."), *aff'd en banc*, 542 F.2d 297 (5th Cir. 1976), *rev'd on other grounds*, *Gravitt* v. *Southwestern Bell Tel. Co.*, 430 U.S. 723, 97 S. Ct. 1439, 52 L.Ed.2d 1 (1977).

*Creaciones Con Idea, S.A. de C.V.* v. *Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000); *see also Signature Fin. LLC* v. *Chicago Elite Cab Corp.*, No. 16 Civ. 6063 (DRH) (SIL), 2018 WL 1385896, at *3 (E.D.N.Y. Mar. 19, 2018) (rejecting estoppel argument based on statement of jurisdiction submitted in prior case).

While it is unclear to the Court why Defendant would misidentify its state of incorporation in those other matters, it remains the case that such misidentification did not garner Defendant any advantages in those litigations. For example, in each of the federal litigations, diversity would still have existed even had Defendant stated that it was a Texas corporation. (*See* Pl. Opp., Ex. B-E, G). More to the point, Plaintiff has identified no basis to vitiate the redomestication documents produced by Defendant in the instant litigation, which documents make clear that Defendant's current state of incorporation is Texas. The Court therefore finds that Defendant's representations in other cases do not divest it of jurisdiction.[2]

*Second*, Plaintiff argues that Defendant is not a Texas corporation because it allegedly "failed to file its Articles of Incorporation with the Texas Secretary of State." (Pl. Opp. 7). On this point, Plaintiff is simply incorrect.

---

[2]  The Court recognizes that other courts in this Circuit have, in rare cases, found a party to be estopped by prior factual positions the party has taken, even when those facts implicate the court's jurisdiction. *See, e.g.*, *Techno-TM, LLC* v. *Fireaway, Inc.*, 928 F. Supp. 2d 694, 699 (S.D.N.Y. 2013) (rejecting diversity where LLC members took inconsistent positions regarding domicile in two concurrent federal actions; distinguishing *Creaciones Con Idea* on basis that "[h]ere, the [members'] inconsistent statements are used to help determine whether or not the facts establish that they were domiciled in Washington. This does not present the concern of using a party's statement to conclusively establish or defeat subject matter jurisdiction."); *see also In re Joe's Friendly Serv. & Son, Inc.*, No. 8-14-70001-REG, 2020 WL 3120288, at *9 (Bankr. E.D.N.Y. June 11, 2020) ("While judicial estoppel does not apply to positions taken on questions of law and cannot be used to confer subject matter jurisdiction as a matter of law, it may be applied to the factual representations that support a legal conclusion that subject matter jurisdiction exists."), *leave to appeal denied*, 628 B.R. 181 (E.D.N.Y. 2021). Unlike those cases, however, Defendant here has consistently taken the position before this Court that it is a Texas corporation, and has supported its position with what appears to be dispositive documentation. Conversely, Defendant's prior misattributions have not been used to gain a litigation advantage. Finally, this Court is not aware of what (if any) substantiation was presented for the assertions in the other cases. For all of these reasons, the Court will not rely on statements in other cases to create jurisdiction in this case where it does not otherwise exist.

The procedure for an insurer to redomesticate as a Texas corporation is governed by Title 6, Subtitle I, Chapters 981 and 983 of the Texas Insurance Code. *See generally* Tex. Ins. Code Ch. 981, 983. Under Section 983.051, an insurer may redomesticate to Texas if it "amends or restates its articles of incorporation to comply with each requirement of this code ... [and] the commissioner approves the redomestication." *Id.* § 983.051(a). An insurer that redomesticates under Section 983.051 is "considered to be domiciled in [Texas]" and is "entitled to a certificate of authority to engage in the business of insurance ... in [Texas]." *Id.* § 983.051(b).

Defendant clearly complied with the procedure required by Texas statute to organize under the laws of Texas, as evidenced by (i) the official action of the TDI in approving Defendant's redomestication, which states that Defendant "has complied with all applicable requirements to redomesticate to Texas under Texas Insurance Code Chapters 981 and 983"; (ii) Defendant's restated and amended articles of incorporation under Texas law; and (iii) Defendant's original certificate of authority issued by the TDI, identifying Defendant as a domestic insurer in Texas effective January 1, 2018. (Dkt. #26, Ex. A, B). Further, the Texas Insurance Code requires an insurer to file its articles of incorporation with the TDI. *Id.* § 822.060 ("On approval of an application, the articles of incorporation of the company shall be filed with the department."); *see also id.* § 31.001 (defining "Department" as "the Texas Department of Insurance"). Plaintiff has not cited any statute that would require Defendant to

10

additionally file its articles of incorporation with the Texas Secretary of State, or which would negate Defendant's authorization as a Texas corporation.

*Third*, Plaintiff argues that the Policy recites that Defendant was "not licensed to transact insurance" in Texas. (Pl. Opp. 7-8). As stated above, for purposes of diversity jurisdiction, "the relevant date in determining a party's domicile is the date on which the complaint was filed." *Vasquez*, 2017 WL 4296791, at *6 n.3. This language from a 2018 insurance contract therefore has no bearing over diversity jurisdiction in the instant litigation, which commenced in 2021. Moreover, as Defendant observes (Def. Reply 7), the challenged representation concerned Defendant's membership *vel non* in a particular property and casualty insurance guaranty association, which is a different issue than its state of incorporation. And here as well, this Court will not find jurisdiction by estoppel. *See supra* at 7-9.

To conclude, Plaintiff has not controverted Defendant's evidence that Defendant is a Texas corporation and has therefore failed to satisfy its burden of persuasion to establish diversity jurisdiction. Accordingly, the Court finds that it lacks jurisdiction and grants Defendant's motion to dismiss the case without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is GRANTED. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:    March 29, 2022
         New York, New York

                                        _____
                                        KATHERINE POLK FAILLA
                                        United States District Judge